IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| James R Rose, #293938, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 0:08-611-SB-PJG |
| | ) | |
| v. | ) | |
| | ) | |
| Director Jon Ozmint, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On September 8, 2008, the defendants filed a motion for summary judgment. By order of this court filed September 9, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. See Order, Docket Entry 29.

Notwithstanding the specific warning and instructions as set forth in the court's Roseboro order, the plaintiff failed to respond to the motion. As the plaintiff is proceeding *pro se*, the court filed a second order on November 10, 2008, advising plaintiff that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the plaintiff an additional fifteen (15) days in which to file his response to the defendants' motion for summary judgment. See Order, Docket Entry 36. The plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). This order, which was mailed to the plaintiff, was returned to the Clerk of Court on November 18, 2008, as undeliverable by the United States Postal Service. The envelope states that the plaintiff was released and left no forwarding address. See Envelope, Docket Entry 39, Attachment 1.

1  

The court notes that when the plaintiff filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case may be dismissed for violating this Order**. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address . . . . **Your failure to do so will not be excused by the Court.** (emphasis added).

See Order, Docket Entry 6. The plaintiff has failed to comply with this order, and as a result neither the court nor the defendants have any means of contacting him concerning his case.

Based on the foregoing, and the previous instructions and specific warning given to the plaintiff in the court's order of March 26, 2008, it is recommended that this action be **dismissed**, **with prejudice**, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk is directed to send this Report and Recommendation to the plaintiff at his last known address.

**If the plaintiff notifies the court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to return this file to the undersigned for further handling. If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.**

The parties are referred to the Notice Page attached hereto.

*Paige J. Gossett*

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 1, 2008
Columbia, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).